**NO. 10-3753**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

U.S.C.A. – 7th Circuit
RECEIVED
JAN 31 2011 GW
GINO J. AGNELLO
CLERK

| | |
|---|---|
| JEFFREY S. REINICHE, DR. ARTHUR CHAUSMER, and GARY POST, derivatively on behalf of HEALTH ALLIANCE HOLDINGS, INC., derivatively on behalf of HA HOLDINGS, INC., <br><br> Plaintiffs/Appellants, <br><br> v. <br><br> JAMIE MARTIN, CURTIS LANE, ANDREW M. PAUL, KEVIN SWAN, MTS HEALTH ALLIANCE, LLC, ASHCROFT ASSOCIATES, LLC, JAMES KELLY, ALLEN PALLES, JOHN HENNESSY, JOHN SABALASKEY, M-1, LLC, SCOGGIN CAPITAL MANAGEMENT, L.P. II, SOUTHERN DIVERSIFIED BUSINESS SERVICES, INC., JON KAIDEN, SELECT CAPITAL VENTURES I., L.P., E.B. MARTIN, JR., HA ACQUISITION, LLC, AND EBM VENTURES, LLC, <br><br> Defendants/Appellees | On appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> Case No. 08 C 3093 <br><br> U.S.C.A. – 7th Circuit <br> FILED <br> JAN 31 2011 COD <br> GINO J. AGNELLO <br> CLERK <br><br> Hon. James B. Zagel <br> U.S. District Court |

## CERTAIN DEFENDANTS/APPELLEES' MEMORANDUM "ADDRESSING THE ISSUE OF THE LACK OF SUBJECT MATTER JURISDICTION BASED ON DIVERSITY JURISDICTION"

Defendants/Appellees, Jamie Martin, E.B. Martin, Jr., HA Acquisition, LLC, and

EBM Ventures, LLC (the "Martin Defendants"), together with Curtis Lane, Andrew M.

Paul, MTS Health Alliance, LLC, Ashcroft Associates, LLC, James Kelly, Allen Palles,

John Sabalasky, M-1, LLC, Scoggin Capital Management, L.P. II, Jon Kaiden and Select

Capital Ventures, I, L.P. (the "Eleven Defendants"), all by their undersigned counsel,

(collectively, the "Responding Appellees") hereby file their Memorandum "Addressing

the Issue of the Lack of Subject Matter Jurisdiction Based on Diversity Jurisdiction"

pursuant to this Court's January 27, 2011 Order.

**INTRODUCTION**

Based on investigation prompted by this Court's January 3, 2011 Order, Responding Appellees do not now believe that subject matter jurisdiction pursuant to 28 U.S.C, § 1332(a) exists over this matter.  Responding Appellees suggest, however, that an alternative basis for federal jurisdiction exists over this matter.  This appeal arises from a civil action that the district court determined to be a refiling of an earlier case.  As to that earlier case, district court jurisdiction existed based upon "related to" jurisdiction under 28 U.S.C. § 1334 (b) ("Section 1334(b)") and the District Court's supplemental jurisdiction arising therefrom (under 28 U.S.C. § 1367).  Responding Appellees assert that while the jurisdictional basis invoked by the Plaintiffs-Appellants (*i.e.* diversity) is lacking, an alternative basis for jurisdiction thus exists.  In support, the Responding Appellees submit that a recitation of the proceedings in the district court is necessary to understand why Defendants contend that there is an alternative basis for federal jurisdiction over this matter other than 28 U.S.C. § 1332(a) and suggest that the District Court's well-reasoned opinion should be upheld to terminate claims that the Responding Appellees believe – and the District Court found – to be without merit.

**PROCEDURAL BACKGROUND**

In 2005, Mark Swift ("Swift") filed a Chapter 7 Bankruptcy proceeding in the Northern District of Illinois, No. 05-35255.  Ronald Peterson was appointed Chapter 7 Trustee of his bankruptcy estate.

In 2007, Swift and M.A. Swift & Co., individually and derivatively on behalf of Health Alliance Holdings, Inc., filed a complaint against defendants Jamie Martin, E.B. Martin, Jr., Health Alliance Holdings, Inc., HA Holdings, Inc., HA Acquisition, LLC, EBM Ventures LLC, C.I.B. Marine Bancshares, Inc., C.I.B. Marine Capital, LLC, and Allen Palles, in the Northern District of Illinois, No. 07-cv-03700 ("07 case").  The

2

complaint asserted that it was "an action for fraud, breach of fiduciary duty, and corporate oppression stemming from the forced sale of certain assets of Health Alliance Holdings, Inc." (07 Case, Doc. 1)[1]. Both Swift and M.A. Swift & Co. alleged that they were Illinois residents and alleged diversity jurisdiction existed for all parties named at that time. (*Id.* at ¶5). In fact, such diversity did exist for these parties at that time and this matter was assigned to Judge James B. Zagel.

The Martin Defendants filed motions to dismiss and, when Judge Zagel set a briefing schedule on the motions, he advised Plaintiffs' counsel that if any objection could be cured by amendment, Plaintiffs should do so. Otherwise any dismissal would likely be with prejudice. Because Mr. Swift had not listed any potential claims arising out of Health Alliance Holdings, Inc. on his bankruptcy schedules, one argument the Martin Defendants raised was that Swift was judicially estopped from asserting any claims on his behalf under this Court's decision in *Cannon-Stokes v. Potter*, 453 F.3d 446 (2006). (07 Case, Doc. 28, 29).

Rather than file a substantive response to the various defendants' motions to dismiss, plaintiff's counsel filed an amended complaint. Because Swift's claims were potential assets of his bankruptcy estate, Ronald R. Peterson, not individually, but solely as Trustee of the Chapter 7 Estate of Mark A. Swift, appeared as a plaintiff. (07 Case, Doc. 35). The September 18, 2007, First Amended Complaint filed by Peterson added as plaintiffs herein Ann Sickon and Jeffrey S. Reiniche. (*Id.*). The First Amended Complaint also did not name as defendants C.I.B. Marine Bancshares, Inc. and C.I.B. Marine Capital, LLC. Rather than file responsive briefs to subsequent motions to

---

[1] The Martin defendants filed a motion, below, to supplement the record on appeal in this case with the entire docket from Case number 07-cv-03700 and with document numbers 71 and 75 from the bankruptcy case, in part because the court had previously found that this (2008 Case) was a refiling of the 07 Case. On December 20, 2010, Judge Zagel granted that motion.

dismiss, on November 29, 2007, Peterson, Sickon and Jeffrey Reiniche filed a Second Amended Complaint. (07 Case, Doc. 59). Again defendants filed motions to dismiss.

Rather than brief the motions, and aware of Judge Zagel's admonitions, Trustee Peterson conducted an investigation of the claims he had filed on Swift's behalf. Based on his investigation, Trustee Peterson determined that the claims asserted in the Second Amended Complaint were "not likely to survive a motion to dismiss." (Bankruptcy Case, No. 05 B 355255, Doc. 71). Trustee Peterson also represented to the Bankruptcy Court that he had "been unable to connect the breaches allegedly committed by the [Martin] Defendants with foreseeable and proximate damages to the Debtor." (*Id.*) Accordingly, he obtained approval from the Banktruptcy Court to sell whatever claim the Estate had for $10,000 or any higher bid. Prevalence Holdings, LLC f/k/a/ HA Acquisition LLC purchased the claim for $10,000.00. (*Id.*; Doc. 75)[2].

On May 28, 2008, Peterson filed a Third Amended Complaint which omitted Sickon and Reiniche as plaintiffs. (07 Case, Doc. 97). The only named defendants to the Third Amended Complaint in this proceeding were Jamie Martin and E.B. Martin, Jr.

On July 10, 2008, Judge Zagel dismissed case no. 07-cv-03700 without prejudice and with leave to reinstate by August 21, 2008. He ordered that the case would be deemed dismissed with prejudice on and after August 22, 2008. (07 Case, Doc. 101).

Before dismissal of case no. 07-cv-03700, on May 28, 2008 (the same day as the Third Amended Complaint was filed in the 07 Case), plaintiffs Reiniche and Sickon, individually and derivatively on behalf of Health Alliance Holdings, Inc., filed an additional suit before the district court. ("08 Case"). The suit was filed against defendants Jamie Martin, E.B. Martin, Jr., HA Acquisition, LLC, and EBM Ventures,

---

[2] As the record herein has not yet been physically supplemented with document numbers 71 and 75 from the bankruptcy case, those documents are attached hereto as Composite Exhibit A.

LLC. (08 Case, Doc. 1). The plaintiffs alleged diversity jurisdiction. (*Id.* at ¶2). The 08 Case Complaint alleged that it was "for declaratory judgment and breach of fiduciary duty . . . to recover damages from defendants for their ultra vires conduct in connection with two corporate restructuring transactions [related to Health Alliance, LLC and Health Alliance Holdings, Inc.]." On October 27, 2008, plaintiffs Reiniche, Chausmer, and Post (and deleting Sickon) filed an Amended Complaint against all defendants in the caption above. (08 Case, Doc. 15).

The Martin Defendants, the Eleven Defendants, Kevin Swan and the other remaining defendants filed motions to dismiss. Among the numerous reasons they presented were (a) that Delaware did not recognize double derivative standing and (b) that because both HA Holdings and Health Alliance Holdings were insolvent, no shareholder, much less a shareholder of a shareholder, could maintain a derivative action. (08 Case, Doc. 45, 51, 52, 54, 56, 58).

The 08 Case was originally assigned to Judge Gettleman. On November 5, 2008, Judge Gettleman ordered that the parties provide a joint status report covering various issues, including the basis of federal jurisdiction, by November 26, 2008. (08 Case, Doc. 22). However, at plaintiff's request, the deadline was extended more than once to, ultimately, May 15, 2009. (08 Case, Doc. 36, 80). However, before the May 15, 2009 due date, on May 5, 2009, the 08 Case was reassigned to Judge Zagel pursuant to rule 13 of the Internal Operating Procedures of the Northern District of Illinois (Doc. 91). In the May 5, 2009 Order, Judge Zagel stated:

> I agree that case number **08C3093** should be reassigned to my calendar as specifically set forth below:
>
> It is actually a refiling of 07 C3700 Swift v. Martin, which was assigned to Judge Zagel.

(08 Case, Doc. 91).

5

On August 19, 2009, in a status hearing, Judge Zagel indicated his intention to grant the motions to dismiss.  (08 Case, Doc. 100; *see also Id.* at Doc. 98).  Plaintiff, however, asked for, and received time to conduct certain discovery to preserve records pending appeal from the prospective order.  (08 Case, Doc. 98, 101).  Judge Zagel delayed entering judgment for over a year to allow plaintiff the opportunity to preserve documents.

On October 28, 2010, Judge Zagel granted the motions to dismiss of the defendants and entered judgment in favor of all defendants.  (08 Case, Doc. 147).  Plaintiffs timely appealed to this Court.  (08 Case, Doc. 151).

On December 8, 2010, plaintiffs/appellants filed a Docketing Statement in this Court.  The Docketing Statement stated that the "[j]urisdiction of the District Court was invoked pursuant to 28 U.S.C. § 1334."

On December 9, 2010, this Court issued an Order stating that it "appear[ed] that plaintiffs rely on diversity of citizenship for federal jurisdiction" and ordering that appellants file "a complete statement of jurisdiction" by December 17, 2010.  On December 17, 2010, appellants filed a "Memorandum of Appellants Concering (sic) Diversity Jurisdiction."

On January 3, 2011, this Court ordered that the jurisdictional statement was still incomplete and required identification of "each and every member of defendants HA Acquisition, LLC, MTS Health Alliance, LLC, Ashcroft Associates, LLC, M-1, LLC, Scoggin Capital Management, II, L.P., Select Capital Ventures I L.P. and EBM Ventures, LLC, and the member's corresponding citizenship."  As set forth in the plaintiff's supplemental jurisdictional statement, however, upon further investigation, it has now

been established that diversity is lacking.[3]  On January 27, 2011, this Court ordered that appellees file a memorandum "addressing the issue of the lack of subject matter jurisdiction based on diversity jurisdiction."

## **ARGUMENT**

Responding Appellees suggest that an alternative basis for federal jurisdiction exists to the basis upon which the parties proceeded in the district court.  This Court independently ensures that it has subject-matter jurisdiction, regardless of whether the issue was considered in the district court.  *Dexia Crédit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010).  Moreover, "[a]n appellee can defend the judgment appealed from on any nonwaived ground, even if the district court did not address it."  *Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 83 F.3d 169, 173 (7th Cir. 1996).  As the issue of jurisdiction cannot be waived (*Dexia Crédit Local*, 602 F.3d at 883), this Court can proceed based on alternative jurisdictional approaches.  Two concepts of federal jurisdiction provide a basis for this Court to exercise jurisdiction in this case: the "related to" jurisdiction under 28 U.S.C § 1334 and supplemental jurisdiction under 28 U.S.C. § 1367.

Section 1334 provides that a district court has jurisdiction over "all civil proceedings arising under title 11, or arising in or *related to* cases under title 11."  28 U.S.C § 1334 (b) (emphasis added).  This Court has held that a dispute is "related to" a

---

[3] We recognize that all counsel and the district court have an obligation to ensure that there is indeed federal jurisdiction.  Here, at the outset of the 07 Case, there was complete diversity.  Without excusing, but as way of likely explanation for the later flaw in identifying the absence of diversity jurisdiction, Responding Appellees suggest that this was likely a result of the various changes in the composition of the named plaintiffs and defendants.  Moreover, because of the extensions of time to file a status report in the 08 Case, and the transfer of the case from Judge Gettleman to Judge Zagel midstream, the standard procedural safeguards to ensure, early in the litigation, that diversity jurisdiction was indeed proper, fell short.

case under title 11 when its resolution affects the amount of property available for distribution to creditors, the manner in which that property is to be distributed, or the administration of the estate. *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987).

Here, 28 U.S.C § 1334 applies because of the initiation of this cause by plaintiff Swift and because of the substitution in his place by the Chapter 7 Trustee of his Bankruptcy Estate. Swift had a pending bankruptcy action when he filed his claims against these defendants in case no. 07-cv-03700. Indeed, the bankruptcy Trustee was substituted as a plaintiff because the claim was an asset of the Estate. Accordingly, the Swift action against these defendants was "related to" the bankruptcy action because its resolution could affect the amount of property in the bankruptcy Estate.

When plaintiff Reiniche and others joined the 07 Case, there was no diversity. For one, Reiniche is a North Carolina citizen and members holding membership interests of HA Acquisition are North Carolina citizens. However, the district court was entitled to exercise supplemental jurisdiction over claims of co-plaintiffs who would not otherwise have a basis for jurisdiction if those plaintiffs' claims are related to the claim for which there is jurisdiction. *See* 28 U.S.C § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III....Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."). Accordingly, there was supplemental jurisdiction in the 07 Case.

The wrinkle in this case is that Reiniche and Sickon later dropped out of the 07 Case and, while the 07 Case was pending, filed their own action in this 08 Case, to which Swift and/or his Bankruptcy Trustee, Peterson, were not parties. However, the district

8

court determined that the 08 Case, filed by Reiniche and Sickon, was actually a "refiling" of the *Swift* action. Accordingly, the same supplemental jurisdiction that existed as to these plaintiffs' claims in the 07 Case should apply to the 08 Case.

Responding Appellees have not found any case that is squarely on point, factually. However, cases applying these principles of law support the conclusion that jurisdiction may be recognized here.

Supplemental jurisdiction was found in similar circumstances in *In re Petrolia Corp.*, 79 B.R. 686 (E.D. Mich. 1987). There, a debtor, its principal, and a corporation with which the debtor was supposed to merge filed suit against attorneys who performed legal work for the planned merger. While the court found that the non-debtor plaintiffs' claims were not "related to" Petrolia's bankruptcy, the plaintiffs' claims did arise from the same factual aggregate as the debtor's claims and could be considered by the bankruptcy court as part of its "ancillary" jurisdiction. The court specifically noted that several other courts had exercised ancillary jurisdiction to allow additional plaintiffs into pending litigation, as it was doing there. *Id.* at 694-95.

Jurisdiction was also recognized in *In re Coral Petroleum, Inc.*, 62 B.R. 699 (S.D. Tex. 1986), in somewhat similar circumstances. There, a plaintiff commenced an action against certain defendants, based upon diversity jurisdiction, in the Western District of Pennsylvania. After the defendants filed bankruptcy proceedings, the case was transferred to the Houston Bankruptcy Court. Defendant Lakehead (who was also diverse from the plaintiff) was later added as a defendant. The plaintiff then settled with all the debtor defendants. Lakehead argued that the bankruptcy court no longer had jurisdiction to consider the claim against it. The court disagreed. It held first that there was no "related to" jurisdiction for the claim against Lakehead pursuant to 28 U.S.C. § 1334. It also noted that, although there was diversity, that was not a jurisdictional basis

under section 1334. *Id.* at 704-05. However, the court found that it could exercise "pendent" jurisdiction over the claim against Lakehead because it derived from a common nucleus of operative facts. *Id.* at 708. The fact that an independent basis for jurisdiction in the federal courts existed because of the diversity jurisdiction influenced the court's analysis of the equities of the discretionary decision of whether to exercise pendent jurisdiction. *Id.* at 707-08. However, the case illustrates that supplemental jurisdiction may be exercised in similar circumstances.

In this case, the various claims asserted in the 07 Case and the 08 Case all arose out of a common nucleus of operative facts, *i.e.* the allegedly *ultra vires* May 2003 and November 2004 transactions involving Health Alliance Holdings, Inc. and Health Alliance, LLC. (*See e.g.* 07 Case, Doc. 97, ¶ 19 – 57; 08 Case, Doc. 1, ¶ 19-57). In fact, a side-by-side comparison of these "factual allegations" from the Third Amended Complaint in the 07 Case and the Complaint filed in the 08 Case shows that the paragraphs are extremely similar and sometimes identical.

Both *In re Petrolia* and *In re Coral Petroleum, Inc., supra,* were decided before the 1990 enactment of 28 USC § 1367. However, their analysis of whether the claims were sufficiently related to justify supplemental jurisdiction is still relevant. Section 1367 largely codified the common law regarding ancillary jurisdiction (although it overruled certain case law that had prohibited pendent party jurisdiction – *See Butzen v. American Farm Bureau Fed.,* 2001 WL 128140 (N.D. Ill.)). In *Channell v. Citicorp Nat'l Svcs, Inc.,* 89 F.3d 379, 385 (7th Cir. 1996), this Court noted that section 1367 had extended the scope of supplemental jurisdiction insofar as the statute uses the terms "to the limits of Article III – which means that '[a] loose factual connection between the claims' can be enough...."

Subsection (c) of 28 U.S.C § 1367 provides that the district court "may decline to exercise supplemental jurisdiction" in certain situations, including when the district court has dismissed all claims over which it has original jurisdiction. However, that discretion does not defeat the point that the district court had the power (and therefore the jurisdiction) to retain the 08 Case as well. The Supreme Court noted this distinction in *Carslbad Technology, Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862 (2009). There, the district court had declined to exercise supplemental jurisdiction over state-law claims after the suit's only federal claim was dismissed. The Federal Circuit dismissed petitioner's appeal from that order, holding that the remand order "could 'be colorably characterized as a remand based on lack of subject matter jurisdiction'" and therefore not reviewable on appeal. *Id.* at 1865. The Supreme Court disagreed. It explained that "subject matter jurisdiction" defines the court's "authority" to hear a case. In contrast, the decision as to whether to exercise supplemental jurisdiction when the federal claims have been dismissed recognizes that the court has the authority to consider the case but leaves it to the court's discretion whether to choose to exercise that jurisdiction. "As a result, 'the [district] court's exercise of its discretion under § 1367 (c) is not a jurisdictional matter....'" *Id.* at 1866-67.

For these reasons, although further, detailed inquiry as prompted by this Court has revealed that there is no diversity jurisdiction in this case, the Responding Appellees Defendants believe that the district court nonetheless had subject matter jurisdiction for the reasons discussed above. As a result, and to allow review of claims that the District Court determined in a well reasoned opinion were without merit, the Responding Appellees request that this Court determine that subject matter jurisdiction exists over

this matter.

Respectfully submitted,

Jamie Martin, E.B. Martin, Jr., HA Acquisition, LLC, and EBM Ventures, LLC (the "Martin Defendants"), and

Curtis Lane, Andrew M. Paul, MTS Health Alliance, LLC, Ashcroft Associates, LLC, James Kelly, Allen Palles, John Sabalasky, M-1, LLC, Scoggin Capital Management, L.P. II, Jon Kaiden and Select Capital Ventures, I, L.P. (the "Eleven Defendants"),

By: _____
One of the attorneys for the Martin Defendants

Alyssa M. Reiter
Steven J. Roeder
WILLIAMS MONTGOMERY & JOHN LTD.
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
312-443-3200

By: _____
One of the attorneys for the Eleven Defendants

Daniel Lynch
LYNCH & STERN, LLP
150 S. Wacker Drive, #2600
Chicago, Illinois 60606
312-346-1600

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendants/Appellees' Response to Appellants' Jurisdictional Statements were served upon the attorneys of record of all parties to the above cause on January 31st, 2011 by enclosing same in an envelope and by placing it in the U.S. Mail at 233 South Wacker Drive, Chicago, Illinois, proper postage pre-paid, and addressed to such attorneys at their business address as disclosed by the pleadings of record herein.

Alyssa M. Reiter
Attorney at Law

**Copies Sent to:**

James A. McGurk (jamcgurk@flash.net)
Law Offices of James A. McGurk, P.C.
10 South LaSalle Street, Suite 3300
Chicago, IL 60603-5232
Phone: 312-236-8900
Fax: 312-277-3497

Vincent M. Auricchio
(vince@alegaloffice.com)
Law Offices of Vincent M. Auricchio
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Phone: 312-263-0010

David B. Goodman
(dgoodman@shawgussis.com)
Shaw Gussis Fishman LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Gary C. Schockley
(gshockley@bakerdonelson.com)
(Direct #: 615-726-5704)
Courtney H. Gilmer
(cgilmer@bakerdonelson.com)
(Direct #: 615-726-5747)
Baker, Donelson, Bearman, Caldwell & Berkowitz
211 Commerce Street
Nashville, TN 37201

936039

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| Mark A. Swift | ) | Case No. 05 B 35255 |
| | ) | |
| | ) | The Honorable Eugene R. Wedoff, |
| Debtor. | ) | Presiding |
| | ) | |
| | ) | Hearing:     May 28, 2008 |
| | ) |             9:30 a.m. C.S.T. |

### NOTICE OF MOTION

TO:  SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on May 28, 2008 at 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in the Courtroom usually occupied by him at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **Trustee's Motion to Approve Compromise and Sale**, at which time and place you may appear if you so desire.

RONALD R. PETERSON, not individually but as chapter 7 Trustee for the bankruptcy estate of Mark A. Swift

By:_____/s/ Ronald R. Peterson_____
      *Ronald R. Peterson*

Ronald R. Peterson (2188473)
David P. Sanders (2452359)
Michael J. Kelly  (6289908)
JENNER & BLOCK, LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
Telephone:     312/222-9350
Facsimile:     312/923-8430



EXHIBIT
A

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson, certify that I caused a copy of the foregoing **Notice of Motion** and

**Trustee's Motion to Approve Compromise and Sale** to be served upon the parties on the

attached Service List by depositing same in the U.S. Mail receptacle located at 330 N. Wabash,

Chicago, Illinois, properly addressed and postage prepaid, on May 6, 2008.




*/s/ Ronald R. Peterson*

Ronald R. Peterson

## SERVICE LIST

William T. Neary
Office of the U.S. Trustee
227 W. Monroe St., Ste. 3350
Chicago, IL 60606-5025

Mark A. Swift
220 Melrose Ave.
Kenilworth, IL 60043-1251

Thomas B. Britt
Law Offices of Thomas M. Britt, P.C.
6825 W. 171st St.
Tinley Park, IL 60477-3477

Joseph D. Frank
Frank Gecker LLP
325 N. LaSalle St., Ste. 625
Chicago, IL 60610-0000

Bank One
Three First National Plaza
70 W. Madison, 10th Floor
Chicago, IL 60670-0001

Citibank
Citibank Customer Service
P.O. Box 6500
Sioux Falls, SD 57117-6500

JP Morgan Chase Bank
719 Elm St.
Winnetka, IL 00006-0093

MBNA America
Acct# 4264 2806 1577 5955
1000 Samoset Dr.
Wilmington, DE 19884-2211

Northbrook Group Holdings
c/o Alex Priogovsky, Esq.
Ungaretti & Harris LLP
3500 Three First Nat'l Plaza
Chicago, IL 00006-0602

CIB Marine Capital LLC
c/o Fred R. Harbecke
29 S. LaSalle St., Ste. 945
Chicago, IL 60603-1526

JP Morgan Chase Bank
120 S. LaSalle St., 6th Floor
Chicago, IL 60603-3426

North Shore Community Bank
Acct: 03390002413-0000
7800 Lincoln Ave.
Skokie, IL 60077-3643

Oronova, Inc.
c/o Patrick Hart
1585 Ellinwood, #105
Des Plaines, IL 60016-4535

Latimer LeVay Jurasek, LLC
ATTN: Sheryl A. Fyock
55 W. Monroe St., Ste. 1100
Chicago, IL 60603-5128

American Express Travel Related Servs.,
Inc.
c/o Becket & Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

Chase Bank
Acct# 4388 5230 2209 6869
P.O. Box 97014
Palatine, IL 60094-4014

Cole Taylor Bank
9550 W. Higgins Rd.
Rosemont, IL 60018-4906

Jolivette & Templer, PC
10 S. LaSalle St., Ste. 1017
Chicago, IL 60603-1088

James A. McGurk
Law Offices of James A. McGurk, P.C.
140 S. Dearborn St., Ste. 404
Chicago, IL 60603

Northbrook Group Holdings
ATTN: Mark Stege
221 Woodstock Ave.
Kenilworth, IL 60043-1233

Washington Mutual
P.O. Box 3139
Milwaukee, WI 53201-3139

CIB Marine Capital LLC
101 N. Wolf Rd.
Hillside, IL 60162-1634

James B. Koch
Gardiner Koch & Weisberg
53 W. Jackson Blvd.
Chicago, IL 60604-0000

American Express
P.O. Box 650448
Dallas, TX 75265-0000

Steven Joseph Roeder
Williams, Montgomery & John, Ltd.
20 North Wacker Drive, Suite 2100
Chicago, IL 60606

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| Mark A. Swift | ) | Case No. 05 B 35255 |
| | ) | |
| | ) | The Honorable Eugene R. Wedoff, |
| Debtor. | ) | Presiding |
| | ) | |
| | ) | Hearing:    May 28, 2008 |
| | ) |                 9:30 a.m. C.S.T. |

### TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SALE

Ronald R. Peterson, not individually, but solely as trustee (the "Trustee") for the chapter 7 bankruptcy estate (the "Estate") of Mark A. Swift (the "Debtor"), respectfully moves (the "Motion"), this Court for entry of an order, pursuant to 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 6004 and 9019, authorizing the Trustee to sell to Prevalence Holdings, LLC, f/k/a H A Acquisition LLC (the "Purchaser") the Estate's interest in certain potential claims and causes of action against certain entities and persons, and respectfully states as follows:

### Jurisdiction

1.     This Court has jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and rule-based predicates for the relief sought herein are 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 6004 and 9019.

1647878

## Background

2.      On September 2, 2005, the Debtor filed a petition (the "<u>Petition</u>") for relief under chapter 7 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

3.      Subsequently, the United States Trustee appointed Ronald R. Peterson as Trustee.

## Assets of the Estate.

4.      On June 29, 2007, the Debtor filed lawsuit number 07-3700 in the Northern District of Illinois (the "<u>District Court Action</u>") against certain entities including the Purchaser, Jamie Martin, E.B. Martin, Jr., Health Alliance Holdings, Inc., HA Holdings, Inc., EBM Ventures, LLC, and Allen Palles (collectively, the "<u>Remaining Defendants</u>"). On September 18, 2007, the Trustee filed an amended complaint in the District Court Action by which the Trustee replaced the Debtor as plaintiff and dismissed certain defendants, but maintained claims against the Remaining Defendants.  On November 29, 2007, the Trustee filed his second amended complaint in the District Court Action.

5.      On September 2, 2007, the Trustee filed adversary proceeding 07-00853 in the Bankruptcy Court for the Northern District of Illinois (the "<u>Bankruptcy Court Action</u>") against some but not all of the Remaining Defendants.

## The Proposed Compromise

6.      The Trustee has evaluated the District Court Action and the Bankruptcy Court Action by (i) interviewing the Debtor, Allen Palles, and representatives of the Purchaser; (ii) reviewing pertinent documents; and (iii) reviewing and commenting on the complaints and amended complaints filed in both actions.  After completing his review, the Trustee has concluded that any claims the Estate may have against the Remaining Defendants whether direct or derivative (the "<u>Claims</u>") are not likely to survive a motion to dismiss.  The Trustee has been

2

unable to connect the breaches allegedly committed by the Remaining Defendants with foreseeable and proximate damages to the Debtor.

7.    After good faith, arms-length negotiation, the Trustee and the Purchaser have reached an agreement whereby the Purchaser will pay the Trustee $10,000.00 to purchase the Estate's interest in the Claims pursuant to 11 U.S.C. § 363(b)(1), subject to better and higher offers. Any bidder or the Purchaser may make a competing bid that is higher than the highest bid by an amount not less than One Hundred Dollars. The Purchaser will be given an opportunity to make a competing bid that is higher than the highest bid prior to any sale being finalized. In the event that the Purchaser is the successful bidder, the Trustee will execute a formal release of the Claims, dismiss with prejudice the Bankruptcy Court Action, and withdraw with prejudice his claims in the District Court Action.

8.    In determining whether a settlement proposal is in the best interests of the Estate, the Court should undertake a two-step analysis. First, the Court should compare the terms of the proposed settlement with the probable costs and benefits of litigation. See In re Telesphere Comm. Inc., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (citing In re American Reserve Corp., 841 F.2d 159, 161 (7th Cir. 1987)). Second, the Court should determine "whether or not the terms of the proposed compromise fall within the reasonable range of litigation possibilities." Id. (quoting In re Energy Co-op., Inc., 886 F.2d 921, 929 (7th Cir. 1989)). The compromise should be approved unless the proposal "falls below the lowest point in the range of reasonableness." Id.

9.    Pursuant to Rule 2002(a) of the Federal Rules of Bankruptcy Procedure, twenty days' notice of this motion has been provided to the Remaining Defendants, the Debtor, the United States Trustee, and all creditors.

3

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order substantially in the form attached hereto:

a.  Authorizing the Trustee to sell his right, title and interest in the Claims pursuant to 11 U.S.C. § 363(b)(1) for a payment of $10,000.00 from the Purchaser or such higher bid as the Trustee receives and determines to be in the best interest of the Estate;

b.  Authorizing, in the event that the Purchaser is the successful bidder, the Trustee to execute a formal release of the Claims, dismiss with prejudice the Bankruptcy Court Action, and withdraw with prejudice his claims in the District Court Action;

c.  Authorizing the Trustee to execute, deliver and/or file any documents and to perform any ministerial acts necessary to consummate the proposed compromise and sale;

d.  Authorizing the Trustee to execute, deliver or file any releases of liability necessary or appropriate to consummate the proposed compromise and sale; and

e.  Granting such other relief as the Court deems equitable and just.

Dated: May 6, 2008

RONALD R. PETERSON, not individually, but as chapter 7 trustee for the bankruptcy estate of Mark A. Swift

By:_____ */s/ Ronald R. Peterson*_____.
Ronald R. Peterson

Ronald R. Peterson (02188473)
Michael J. Kelly (06289908)
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, Illinois 60611
(312) 222-9350
(312) 923-8430 (Fax)

4

1647878

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| Mark A. Swift, | ) | Case No. 05 B 35255 |
| | ) | |
| Debtor. | ) | The Honorable Eugene R. Wedoff, |
| | ) | Presiding |

### ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SALE

This matter came on to be heard on the Trustee's Motion to Approve Compromise and Sale (the "Motion"; each capitalized term not defined herein shall have the meaning ascribed thereto in the Motion); the Court having reviewed the Motion; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion was sufficient under the circumstances; the Court finding that the opportunity for a hearing on the Motion was sufficient under the circumstances; no objection to the Motion having been filed or otherwise made to the Court; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted;

### IT IS HEREBY ORDERED THAT:

1.      The Trustee is authorized, in exchange for a payment of $10,000.00 from the Purchaser or such higher offer as the Trustee determines to be in the best interest of the Estate, to sell the Estate's interest in the Claims to the Purchaser or other bidder pursuant to 11 U.S.C. § 363(b)(1). Any bidder or the Purchaser may make a competing bid that is higher than the highest bid by an amount not less than One Hundred Dollars. The Purchase will be given an

1647878

opportunity to make a competing bid that is higher than the highest bid prior to any sale being finalized.

2.      If the Purchaser is the successful bidder, upon receipt of the above-described payment, the Trustee will execute a formal release of the Claims, submit a motion seeking the dismissal with prejudice of the Bankruptcy Court Action for this court's consideration and approval, and submit a motion to withdraw with prejudice his claims in the District Court.

3.      The Trustee is authorized to execute, deliver and/or file any documents and to perform any ministerial acts necessary to consummate the proposed compromise and sale.

4.      The Trustee is authorized to execute and deliver any releases of liability or covenants not to sue necessary or appropriate to consummate the proposed compromise and sale.


Dated: May 28, 2008
        Chicago, Illinois

                    ENTERED:    _____
                                UNITED STATES BANKRUPTCY JUDGE

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Liquidation |
| | ) | |
| Mark A. Swift, | ) | Case No. 05 B 35255 |
| | ) | |
| Debtor. | ) | The Honorable Eugene R. Wedoff, |
| | ) | Presiding |

## ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SALE

This matter came on to be heard on the Trustee's Motion to Approve Compromise and Sale (the "Motion"; each capitalized term not defined herein shall have the meaning ascribed thereto in the Motion); the Court having reviewed the Motion; the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finding that notice of the Motion was sufficient under the circumstances; the Court finding that the opportunity for a hearing on the Motion was sufficient under the circumstances; no objection to the Motion having been filed or otherwise made to the Court; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted:

### IT IS HEREBY ORDERED THAT:

1.      The Trustee is authorized, in exchange for a payment of $10,000.00 from the Purchaser or such higher offer as the Trustee determines to be in the best interest of the Estate, to sell the Estate's interest in the Claims to the Purchaser or other bidder pursuant to 11 U.S.C. § 363(b)(1). Any bidder or the Purchaser may make a competing bid that is higher than the highest bid by an amount not less than One Hundred Dollars. The Purchase will be given an

1647878

opportunity to make a competing bid that is higher than the highest bid prior to any sale being finalized.

    2.    If the Purchaser is the successful bidder, upon receipt of the above-described payment, the Trustee will execute a formal release of the Claims, submit a motion seeking the dismissal with prejudice of the Bankruptcy Court Action for this court's consideration and approval, and submit a motion to withdraw with prejudice his claims in the District Court.

    3.    The Trustee is authorized to execute, deliver and/or file any documents and to perform any ministerial acts necessary to consummate the proposed compromise and sale.

    4.    The Trustee is authorized to execute and deliver any releases of liability or covenants not to sue necessary or appropriate to consummate the proposed compromise and sale.

Dated:   **4 JUN 2008**

ENTERED:   _Eugene R. Wedoff_
UNITED STATES BANKRUPTCY JUDGE

1647878

2